This is No. 05-1436 Ace Antenna Company v. Hoffman. Mr. Kim. Good afternoon, Your Honors. May it please this honorable court, I'm James Alexander Kim, attorney for Appellant, Ace Antenna Company. Your Honor, the issue for Appellant on this appeal is rather straightforward and it is rather narrow. The issue is whether the TTAB properly considered all evidence regarding the prior priority of use or prior use of the mark. Appellants contend that the TTAB improperly ignored the 1994 catalog of Ace Antenna's products and this is found in the appendix A403-A433. The record is not particularly clear on the reason for the TTAB's not considering that 1994 catalog. The ruling of the decision canceling Appellant's trademark does indicate though that all evidence that was submitted under a notice of reliance was considered. And then there is some contradictory language in the TTAB's decision excluding certain documents. However, appellants contend that the 1994 catalog predates the earliest First Houston Commerce date alleged by the appellate. Mr. Kim, isn't that a factual determination really that we should not be making with the PTO's Board of Trademark Appeals make it? And they made it with substantial evidence to support their conclusion. We can't go behind that. Well, Your Honor, I agree. If it was a weighing of substantial – the existence of substantial evidence, the weighing of evidence, there should be a deference given to the TTAB. However, Your Honor, it's the appellant's concern here and our contention that the evidence was not even weighed. There was evidence presented. The TTAB either ignored it or did not even weigh it. We had a right to have that evidence to be weighed and to have the TTAB determine whether in fact that established by clear and convincing evidence of a prior use date predating the appellees. And based on the decision and the evidence presented to the TTAB, we believe that the TTAB ignored the 1994 catalog as evidence of use in commerce. And we believe that that error was caused possibly because the TTAB narrowly searched for whether the mark ACE technology was found in the 1994 catalog. So the catalog, to make sure I have the chronology straight, was the use of ACE but in conjunction with antenna? Yes. Yes, Your Honor. Now, the mark that is registered by the appellants disclaims any right to the term technology. And in fact, in determining the likelihood of confusion, the TTAB focused on the fact that ACE in the appellant's mark and ACE in the appellee's mark are identical. And then it went through the DuPont factors and determined, well, even though there are dissimilarities, the similarities outweigh it. And therefore, I believe that the TTAB did not use the 1994 catalog as evidence of prior use when they should have properly viewed it as evidence of prior use. But the decision didn't say that your opponent is now entitled to all uses of ACE, of which there must be hundreds, maybe thousands of trademarks. So it has to be—I know there's this funny custom that I've never understood of disclaiming words that always seem to me to be critical to the trademark. So let's just talk about the ACE tech and the ACE technology. Yes, Your Honor. It's appellant's contention that the use of the ACE antenna mark is—was the continued use of the ACE technology mark, that it creates the same commercial impression. And although— Why is that wrong as a finding? It's wrong, Your Honor, because they did not—they used—they considered all the evidence presented by the appellee on their prior use of the mark for ACE tech. But they refused to consider our evidence of use predating the appellee's mark. And I guess the crux of the matter is, if ACE tech—if there's a likelihood of confusion between ACE tech and ACE technology, well, there's also going to be a likelihood of confusion between ACE antenna and ACE tech. And that's analyzing it under the same DuPont factors in the manner that the TTAB analyzed it. But isn't it implicit in the board's decision that there was no likelihood of confusion? I don't seem to have any doubt, but that ACE antenna had priority as compared with ACE technology. Yes, Your Honor, but in the decision for the cancellation of the trademark, I don't believe the TTAB even considered weighing or viewing the ACE antenna mark in relation to the appellee's mark. And that is— The ACE antenna didn't raise the issue that it somehow rendered the later use of ACE technology or ACE tech. Well, Your Honor, I believe that by our submission of the 1994 catalog, by the appellee's reference to the 1994 catalog in both its submission of the document and its evidentiary declarations, I believe that that was—one of the contentions was that the use of the ACE antenna mark in conjunction with the goods in commerce constituted a prior use of the mark predating the appellee's. That's the limits of our contentions, Your Honor. I'll reserve my time for— Okay. Thank you, Mr. King. Mr. Huebner. Thank you, Your Honor. May it please the Court, my name is Brett Huebner representing Mr. Hoffman in this case. This appeal centers on a single simple issue, priority. Hoffman had established through documentary evidence and sworn testimony prior use of his ACE tech mark and successfully canceled appellant's registration for the confusingly similar ACE technology mark. Appellant now seeks to overturn this result by using two arguments. First, introducing a totally new argument not raised below, namely that appellant should be able to somehow rely on other marks such as ACE antenna and ACE microwave to get a new priority date for ACE technology. And second, that appellant should be able to use a more lenient standard of proof for the evidence of record in order to escape the consequences of his 1997 sworn application first use date for ACE technology. Well, aren't they really using a tacking type of a theory? That's exactly right, Your Honor. He is using a tacking kind of theory and tacking does not apply. And what's wrong with that? I'm sorry? What is wrong with that? What's wrong with tacking is if you look at the Van Dyne-Pratty case, which this court decided back in 1991, the test for tacking is the prior mark that is being proposed to be tacked in the later mark needs to be a legal equivalent to the later mark. That's got to be more than confusingly similar. Appellant has really focused on confusing similarity between the marks, but that's not the test for tacking. They have to be legally equivalent. They have to essentially make the same commercial impression. But isn't ACE identical with ACE? Yes, but you're supposed to look at the entire mark as a whole, and the mark as a whole are ACE antenna and ACE technology. If you look at the Van Dyne-Pratty case, the two marks that were at issue there were clothes that work and clothes that work for the work you do. So they did encompass the same wording, but one had additional wording, and that additional wording was considered to be enough to mean they were not legally equivalent. That depends entirely on the facts of the phrase. That's correct, Your Honor, but in this case, ACE antenna and ACE technology have different sound, different meaning, different overall commercial impression. They do not convey the same usage and same impression at all. But it's in the same commercial area. They are in the same commercial area, but that's not the issue for tacking. Tacking has got to be whether or not the two marks are legally equivalent, and these two marks are not legally equivalent. In addition, Your Honor, we contend that Helen has essentially waived the tacking argument. This was not raised anywhere below, and as you're well aware, it's not proper for the court in appeal to consider a matter for the first time on appeal. I don't think it's for the first time. There's no doubt that they were first with ACE antenna. I say there's no dispute that they used ACE antenna before Mr. Hoffman entered the field. That's correct, but they never specifically made a tacking argument, Your Honor. Well, you call it tacking, but they're saying that they had a certain priority, a certain image that came from the use of ACE, whatever you want to call it. That's correct. That's their claim, Your Honor. However, in order to make that relevant to this case, it has to mean that they could use that to support prior use of ACE technology. The question in this case, Your Honor, is whether or not they have the right to maintain this registration for ACE technology, and they're trying to somehow say that the prior use of a totally different mark allows them to maintain this registration. It's not totally different. It's half different. Half different. However you want to phrase it, Your Honor, it's still not legally equivalent, and it's not tacking. So even if they haven't waived it, we contend that the tacking test has not been met. Your Honor, in fact, we believe that the waiver issue is actually fairly clear based on the court's recent decision in Smith, Klein, Beecham v. Apotex, in which the court said that any arguments that had to be made very specifically, that mere passing reference to something or some sort of an implicit argument was not going to be enough to save an argument from being waived when it's being essentially raised for the first time and briefed for the first time on appeal. But hypothetically, if the entire argument is premised upon their reliance on ACE antenna, is that really an implied argument? It's almost a direct argument of tacking, that they're tacking the time to the ACE antenna? Isn't that really— Your Honor, they were really making a confusing similarity argument, which is a different test from tacking. And I think it's manifestly unfair for our client to somehow be required to guess as to what their real argument was trying to be. And they, at the 11th hour, are trying to essentially make a tacking argument, when all along they had argued it as a confusing similarity argument. So we still contend that it's been waived. But even if you decide it's not waived, they have not met the legal requirement for tacking. In fact, if you look at most of the tacking cases that this court has decided, they're very similar. If you look at the Owen Brett v. United States Olympic Committee case, the mark Olympic was considered to be different and not legally equivalent to Olympic kids. So an additional word was enough. In that case, I think the additional word kids was also considered to be descriptive, because the product issue there was to be aimed at children. Similarly, in American Mobile Phone Inc.— But that position helped their argument, not yours, does it not? How does it help their argument? Because there was no tacking allowed in the Olympic case. There was no tacking. The distinctive term was the same, and they added a descriptive term. Here, the distinctive term ace is the same, and the additional terms are also descriptive. So the fact that there are any additional terms at all should be enough to defeat the tacking argument. It's really how much weight one puts to which word of, in this case, a two-word mark. That's correct, your argument, but the tacking is to be— Under the Van Dyne-Pratty case, tacking is only to be allowed in rare circumstances, and we submit that this is not one of those circumstances. And the typical times when tacking has been allowed has been when the marks are essentially phonetically identical or almost identical. A good example is the Trademark Journal Appeal Board's case of Viking Boat v. Viking Camper and Supply, which is at 191 USPQ 297. And the only difference between the marks was Vi-King and Viking without the hyphen. A similar case is Humboldt Oil and Refining v. Secuzzi Chemical Company, which is at 165 USPQ 597. And in that case, the difference was Slon versus S-Lon. They sounded exactly the same. Here, there's far greater differences between the marks, and in fact, the Trademark Journal Appeal Board recognized that. On page 16 of the Trademark Journal Appeal Board's decision, they recognized that there's obvious differences between the marks. If there's obvious differences between the marks, how can they be legally equivalent? How can they present essentially the exact same commercial impression as required by the tacking case law? So the other element that was raised by appellants was use analogous to trademark use, which is slightly different from tacking. But we also claim that either that argument has not been waived, which we believe it has been, that it doesn't really apply. Because use analogous to trademark use really relates to the prelaunch usage of a mark before a product or a service is actually available on the market, where that prelaunch usage creates an association between that mark and the products to be offered in the minds of consumers. It's almost like a secondary meaning type of argument. Yes. That's not here, though, is it? No, we believe it's not here. But I felt that we needed to raise that because that was raised in appellant's brief. And we feel that there's no substantial impact. One of the requirements for that association to occur is there has to be proof in the record that there was a substantial impact on consumers, and there is no such proof in the record. There was no evidence in the record at all of that. That's correct. That's correct, Your Honor. So we believe that the use analogous to trademark use argument does not apply. The next argument that appellant raised in its briefs was this burden of proof argument. Essentially, appellant asserts that the Trademark Trial and Appeal Board raised the bar too high in analyzing the prior use of Hoffman's 1995 priority date. Specifically, appellant asserts that the coup affidavit somehow shows prior use. However, appellant conveniently ignores the fact that in its application it stated a 1997 first use date. And in that sort of situation, when you've got an application with a sworn first use date, you're required to submit clear and convincing evidence to establish a use prior to that 1997 use date. And they clearly did not do so. The only evidence of use of Ace Technology is the very confusing affidavit of Mr. Coup, in which he doesn't really clearly explain how the mark is being used in certain points in time. He's not really clear as to which mark he's talking about, even what country he's talking about. Sometimes it appears he's talking about Korea. So he has not met the clear and convincing evidence standards. They've submitted no invoices, no advertisement, no labeling, no correspondence of any kind bearing the Ace Technology mark. In his earlier opening statement, appellant's counsel talked about the 1994 catalog. As Judge Newman clearly pointed out, that catalog was about Ace Antenna. And we believe that the Trademark Trial and Appeal Board did, in fact, consider it. If you look at footnotes, I believe it's footnotes 12 on page 13 of the Trademark Trial and Appeal Board's decision, they clearly stated that the Ace Antenna mark and the Ace Microwave mark were not an issue here and that the issue is really Ace Technology. So therefore, we believe that it's not correct to say that the Trademark Trial and Appeal Board didn't consider it. They did consider it. They simply limited their argument appropriately to the Ace Technology mark rather than the Ace Antenna mark. So in summary, we believe the board's decision was proper in all respects, that it was well-reasoned, and that it should be affirmed, particularly given that under the substantial evidence standard for which the board is supposed to be reviewed. Of course, under the Dickinson v. Zirko case, all board decisions are to be viewed under the substantial evidence standard. And that gives them more deference than the clearly erroneous standard that you would give to a district court. The test is essentially would a reasonable mind accept the evidentiary record before the Trademark Trial and Appeal Board to support their decision? And clearly, as discussed, there is enough evidence in the record to support that decision. Hoffman has presented documentary evidence bearing the Ace Tech mark throughout 1995 in the form of price quotations, order forms, customer correspondence, and that's all consistent with his 1995 first use date in his application. In a sense, the 1995 first use date for Hoffman is essentially undisputed. Appellant, in contrast, has really offered nothing. There's a self-serving affidavit from Mr. Kuh that asserts some sort of 1994 use for Ace Technology. There's this 1994 catalog for a totally different mark, Ace Antenna. And both of those are inconsistent with the 1997 first use date in sworn application. And all the documentary evidence that includes the Ace Technology mark is dated after 1995. So there can be no doubt that there is substantial evidence to support the Trademark Trial and Appeal Board's conclusion. Thank you, Your Honor. Thank you, Mr. Eager. Mr. Kim? Your Honor, I guess from a practical point of view, what we're thinking is if, in fact, the Ace Antenna mark was used at least a year before Ace Tech, Appellee's mark, then their application for registration, which is pending, will also be subject to attack from the Ace Antenna mark. Our problem with the TTAB ruling, Your Honor, is that if you look at the decision, there was absolutely no consideration given to the 1994 catalog. Given that the mark itself was dissimilar from Ace Technology, Your Honor, we believe that there should have been some consideration given to that evidence to show whether or not that in itself establishes a prior date to the appellees. That's our only contention, Your Honor. Thank you. Thank you, Mr. Kim. Mr. Huebner, the case is taken under submission.